MR. JUSTICE SHEEHY,
dissenting:
I dissent and would take jurisdiction to remove this shabby referendum from the ballot.
I begin by agreeing with the District Court judge that this referendum is flagrantly deceitful. Its true intent, to deprive this Court of our constitutional basis for rebuffing the legislature’s discriminatory acts, is trickily masked in self-effacing language: “. . . to allow the legislature greater discretion in providing economic assistance and social and rehabilitative services to those is need.” (Emphasis added.) The legislature does not intend to “provide;” it intends to “eliminate.” .
Greater discretion? The legislature now has absolute discretion to determine the eligibility, duration and levels, of aid to the needy. The only limitation upon its discretion is its constitutional duty to avoid invidious discrimination between members of the same needy classes. Butte Community Union v. Lewis (Mont. 1987), [229 Mont. 212,] 745 P.2d 1128, 44 St.Rep. 1911. The legislature, unwilling to assume the burden of acting constitutionally, wants the voters to remove the constitution.
Under the present constitution, the aged, the infirm, the unlucky, who without fault need the aid of society, must be given economic assistance by the legislature. Article XII, Section 3(3), 1972 Mont. Const. The legislature wants to get rid of that “must” but it does not want to tell the voters directly. Instead, the legislature proposes a referendum with its true intent couched in vague and illusory wording.
For the purposes of history, I set out here the form of the constitutional amendment as it will he submitted to the electors. The Attorney General’s Explanatory Statement will not appear on at least 67 percent of the state ballots. The county clerks of enough counties have requested permission to omit the Attorney General’s Explanatory Statement because of lack of space on the ballot or machines. The constitutional amendment, therefore, will be presented to a great majority of the voters as follows:
“CONSTITUTIONAL AMENDMENT NO. 18
*271 AN AMENDMENT TO THE CONSTITUTION PROPOSED BY THE LEGISLATURE
AN ACT TO SUBMIT TO THE QUALIFIED ELECTORS OF MONTANA AN AMENDMENT TO ARTICLE XII, SECTION 3, OF THE MONTANA CONSTITUTION TO ALLOW THE LEGISLATURE GREATER DISCRETION IN PROVIDING ECONOMIC ASSISTANCE AND SOCIAL AND REHABILITATION SERVICES TO THOSE IN NEED; AND PROVIDING AN EFFECTIVE DATE.
□ FOR allowing the legislature greater discretion to determine the eligibility, duration, and level of economic assistance and social services to those in need.
t — 1 AGAINST allowing the legislature greater discretion to determine the eligibility, duration, and level of economic assistance and social services to those in need.
Where in the ballot are the aged informed that their present group right to state aid, if needy, is stripped away by the ballot issue, and their lot cast to the whim of the legislators? They are not informed.
Where in the ballot are the sick, the crippled, the infirm told that their present group right to state aid, if needy, will be gone with the wind? They are not told.
Where in the ballot does it state that a Montanan’s present group right to state aid in case of faultless poverty will be lost? It is not stated.
In the face of such deceit, this Court should condemn the referendum, and take it off the ballot for at least these reasons:
(1) By hiding its true purpose, the referendum prevents the free exercise by Montana voters of their right of suffrage. (Article II, Section 13, 1972 Mont. Const.)
(2) By hiding its true purpose, the referendum prevents the public right of opportunity to participate in the operation of state agencies. (Article II, Section 8, 1972 Mont. Const.)
(3) By hiding its true purpose, the referendum deprives the public of its right to examine public documents. (Article II, Section 9, 1972 Mont. Const.)
(4) By hiding its true purpose, the referendum deprives the public *272 of its right to pursue life’s basic necessities. (Article II, Section 3, 1972 Mont. Const.)
(5) By hiding its true purpose, the referendum deprives the needy aged, infirm and misfortunate persons of due process of law. (Article II, Section 17, 1972 Mont. Const.)
Because of the foregoing failings, the voters will not be given an opportunity to exercise their franchise in a knowing, conscientious manner. In Burgan and Walker v. State Highway Commission (1943), 114 Mont. 459, 137 P.2d 663, this Court enjoined a referendum before the election because of’its evident constitutional deficiencies. That situation exists here. Our judicial duty is to enjoin or prevent the submission of this mendacity to the people.
MR. JUSTICE HUNT joins in the foregoing dissent of MR. JUSTICE SHEEHY.